# TAB B

# PERROTTA, CAHN & PRIETO, P.C.
## Attorneys At Law

Anthony N. Perrotta
Brian R. Cahn
Michael A. Prieto
Hannibal F. Heredia

---

Wendy R. Webb*
Chad R. Simon
Michael A. Boeschen
Michael S. Goode**
Russell S. Thomas
Kenneth T. Palmer***

*also admitted in SC & FL
** also admitted in TN
*** also admitted in SC, NC & NJ

*Main Office*
102 North Bartow Street
Cartersville, Georgia 30120
(770) 382-8900
Toll Free (866) 382-8900
FAX (770) 386-1170
*www.perrottalaw.com*

*Atlanta Office*
800 Johnson Ferry Road
Suite B
Atlanta, GA 30342
(770) 382-8900
FAX (770) 386-1170

*Calhoun Office*
102 Court Street
Calhoun, GA 30701
(706) 629-9699
FAX (706) 629-0869

*Dallas Office*
200 East Memorial Drive
Dallas, GA 30132
(770) 445-1723
FAX (706) 445-1942

*Dalton Office*
319 Selvidge Street
Dalton, GA 30721
(706) 275-6022
FAX (706) 275-6076

*Rome Office*
104 West 6th Avenue
Rome, GA 30161
(706) 232-2003
FAX (706) 291-0003

September 20, 2006

Dr. Andrew Sokol
WellnessOne
2727 Canton Rd Ste 520
Marietta, GA 30066
Ph: 770.853.8785

Re:   Questions on CPT Definition of Therapist and New Massage Therapist Act
      Our File No.: 7009.00

Dear Dr. Sokol:

We have been asked to evaluate 1) the definition of a therapist under the CPT codes and 2) the relevant rules applicable to massage therapists under the new massage therapist codes.

## FACTUAL REPRESENTATION

It is our understanding that WellnessOne is divided into various entities. Specifically, each clinic is owned by a separate limited liability company or corporation. In addition, there is a corporate entity which helps manage the entities but does not directly employ medical professionals. Generally, the practice does not accept Medicare/Medicaid. It is assumed that there are no issues about unnecessary treatments or over billing. Perrotta, Cahn & Prieto, P.C., nor any of its employees are licensed doctors, chiropractors, physical therapists or massage therapists. No advice is given hereto as to the applicability of any particular medical procedure and its relevance to a CPT code insofar as such decision would require medical training or knowledge.

## FACTUAL ASSUMPTIONS

We have relied on the government, insurance company and agency documents, as well as your representations as to all factual matters necessary to render this opinion and

Dr. Andrew Sokol
Wellness One
September 20, 2006
Page 2 of 4

have assumed that all such representations are true and correct. In addition, we are assuming that the entities are properly organized and that proper accounting methods have been used for each entity. We are also assuming that proper billing procedures for each particular insurance company have been followed. Finally, we are also assuming that the applicable insurance company that is being billed for a service has adopted the CPT codes without substantial modification.

## APPLICABLE LAW

We have reviewed AMA opinions regarding the CPT codes as well as The Official Code of Georgia Annotated and all applicable federal law.

## CONCLUSIONS

1. "CPT codes are five-digit numerical codes that correspond to verbal descriptions set forth in *Physicians' Current Procedural Terminology*, a manual produced by the American Medical Association." United States v. Pedrick, 181 F.3d 1264, 1268 (11th Cir., 1999). Specifically, you are seeking clarification on the CPT Code definition of a therapist. According to the American Medical Association (hereinafter referred to as the "AMA"), there is no actual specific definition of a "therapist":

    > CPT does not specify credentials an individual practitioner must have to report a given service, (however) the services are reported in the overall context of state licensure. Only those individuals licensed by a particular state to perform the described services should use the codes to report the services provided. Thus, the therapist providing the service must be state licensed to practice physical therapy, as the evaluations and re-evaluations identified in the code descriptor are specifically limited to physical therapy evaluations and re-evaluations. As licensure varies from state to state, the applicable state laws and requirements determine who may perform specific types of services, including physical therapy evaluations and reevaluations.

    AMA Information Services Committee, 2002. Therefore, whether a particular professional would qualify as one providing the relevant therapy would depend upon the licensing requirements of each particular state. Id. According to case law, generic billing codes may not be used to circumvent the requirements as the scope of practice of each professional shall be determinative. Jingman, Inc. v. Aetna Life Insurance Company, 2004 WL 3119030, *6 (S.D.Fla., 2004)("No logical reading of the Plan can countenance using generic codes to transform

excluded services into covered services."). For example, an acupuncturist may not use generic billing terms, such as "office visit," to circumvent an insurance company's refusal to pay for acupuncture when such services are specifically excluded. Id. As the CPT code does not define a therapist, a range of professionals can qualify under the various codes, so long as they do not exceed their license and are not specifically prohibited by the insurance plan. Id. In fact, "for approximately seven years" physicians were able to use athletic trainers selected by the physicians as "incident to" therapy services and have such services covered by Medicare. National Athletic Trainers' Association, Inc. v. United States Department of Health and Human Services, 394 F.Supp.2d 883, 887 (N.D. Texas, 2005). This was later changed by a rule issued by the Health and Human Services Secretary which limited, for Medicare purposes, coverage only to physical or occupational therapists or speech pathologists. Id. Therefore, "It is not the billing codes that determine eligibility for coverage, but the plan language and the governing statutes that are read into it." Jingman, Inc., 2004 WL at *6. So long as the state licensing statutes for each professional are complied with, the professionals act within the lawful scope of their profession, and the services are ones covered by a particular insurance plan, then a variety of professionals, including massage therapists, should be able to act incident to treatment under the direction of a duly licensed physician and have said services covered by insurance. However, certain billing codes are limited to practitioners of a particular profession (a physical therapist report obviously must be performed by a physical therapist and such a duty would be non-delegable). In addition, each particular plan may further refine the CPT codes and limit the professionals who can work under a particular billing code, as is the case with Medicare, and it is therefore imperative that each insurance plan be scrutinized as to its particular definitions as they relate to coverage.

2. Massage therapists in Georgia are now required to be licensed (see Exhibit "A" for the complete code section). Prior to July 1, 2007, the requirements for obtaining this license are relaxed, and generally only require approved certifications or work experience as well as good moral character. After July 1, 2007, a more extensive process which includes testing will be required for licensing.

LIMITED SCOPE OPINION DISCLOSURE

Circular 230 Notice: Please note that any tax advice given herein (and in any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of 1) avoiding tax penalties or 2) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Dr. Andrew Sokol
Wellness One
September 20, 2006
Page 4 of 4

GENERAL

We assume no obligation to advise you of any changes in our opinions subsequent to the delivery of this opinion letter, and we do not undertake to update this opinion letter. In addition, our opinions are based solely on the documents that we have examined, the additional information that we have obtained, and the representations that have been made to us, and while we have no current reason to believe any of these representations to be untrue, our opinion cannot be relied upon if any of the facts contained in such documents or in such additional information is, or later becomes, inaccurate or if any of the representations made to us is, or later becomes, inaccurate.

We also note that an opinion of counsel merely represents counsel's best judgment with respect to the probable outcome on the merits and is not binding on the Internal Revenue Service, the Courts, or the various professional licensing boards. There can be no assurance that positions contrary to our opinions will not be taken by the Internal Revenue Service, or that a court, board or agency considering the issues would not hold contrary to our opinions.

This opinion letter has been prepared for your use in connection with questions regarding the operation of your WellnessOne businesses and should be used only for purposes consistent therewith. This Opinion is intended for your benefit only and may not be relied upon or utilized for any other purpose or by any other person without our prior written consent.

Thank you for giving us the opportunity to prepare this opinion letter. Should you have any questions, please do not hesitate to call us at (770) 382-8900.

With warmest regards,

PERROTTA, CAHN & PRIETO, P.C.

Michael S. Goode, Esq.

MSG:vgm